

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-6-2006

# Miller v. Maurer

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2947

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Miller v. Maurer" (2006). *2006 Decisions.* Paper 1310.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1310

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NOS. 03-2947 & 04-4312
_____

JOSEPH EDWARD MILLER,

Appellant

v.

SUSAN L. MAURER; THOMAS FARRELL; ROY L. HENDRICKS;
CAROL HOLT; GEORGE ACHEBE; RAYMUNDO T. TAGLE;
RIZAWANA HAMID; MARY V. THOMAS; ELLEN WARNER

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 02-cv-00004)
District Judge: Honorable Anne E. Thompson
_____

Submitted Under Third Circuit LAR 34.1(a)
July 5, 2005

BEFORE: ROTH, McKEE and ALDISERT, <u>CIRCUIT JUDGES</u>

(Filed April 6, 2006)

_____

OPINION
_____

PER CURIAM

Joseph Miller appeals the District Court's January 13, 2003, February 25, 2003, and October 22, 2004, orders. The procedural history of this case and the details of appellant's claims are well-known to the parties and need not be discussed at length. Briefly, Miller alleged that appellees were deliberately indifferent to his serious medical needs of rectal bleeding and knee pain. The State appellees filed a motion for summary judgment which the District Court granted. The medical appellees then filed a motion for summary judgment. The District Court denied Miller's motion for an extension of time to file a response and granted the medical appellees' motion for summary judgment. Miller filed a notice of appeal which was docketed at C.A. No. 03-2947. After outstanding cross-claims were resolved, Miller filed a notice of appeal from the District Court's order denying his "Motion for leave to oppose summary judgment nunc pro tunc" which was docketed at C.A. No. 04-4312. The appeals were consolidated.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's order granting appellees' motion for summary judgment. Gallo v. City of Philadelphia, 161 F.3d 217, 221 (3d Cir. 1998). A grant of summary judgment will be affirmed if our review reveals that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). We review the facts in a light most favorable to the party against whom summary judgment was entered. See Coolspring Stone Supply, Inc. v. American States Life Ins.

2

Co., 10 F.3d 144, 146 (3d Cir. 1993). In order to state a claim for denial of medical care, Miller must show that the appellees were deliberately indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). A medical need is serious if it is one "that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Monmouth County Correctional Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3rd Cir. 1987). With respect to medical decisions, "prison authorities are accorded considerable latitude in the diagnosis and treatment of prisoners." Durmer v. O'Carroll, 991 F.2d 64, 67 (3d Cir. 1993). Courts will "disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment . . . (which) remains a question of sound professional judgment." Inmates of Allegheny Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979) (citations omitted).

After a review of the voluminous appellate pleadings, we agree with the District Court that the medical appellees were entitled to summary judgment. While there was some time between the recommendations for procedures and when they were performed, Miller has not shown that these time periods rose to the level of deliberate indifference. While he focuses on the details of the medical treatment he received over the two-year period in question, Miller has not demonstrated that there are material issues of disputed fact preventing summary judgment. For example, while Miller contends that the stool samples he provided in March 2001 were discarded, he does not explain what further

3

analysis the medical appellees should have performed on the samples. We note that by that time a colonoscopy and endoscopy had already been performed on Miller. A misplaced orthopedic consult and a scheduling error for a colonoscopy do not rise to the level of deliberate indifference. The District Court did not err in granting summary judgment to the state appellees. Because they are not doctors, the state appellee prison officials cannot be held to be deliberately indifferent merely because they did not respond to the medical complaints of a prisoner who was already being treated by the prison medical staff. Durmer, 991 F.2d at 69. The District Court did not err in denying Miller's motion for leave to oppose summary judgment nunc pro tunc.

Miller also challenges the District Court's denial of his motion for an extension of time to respond to the medical appellees' motion for summary judgment. In his appellate brief, he argues that his lack of legal training, ongoing medical operations and lost legal material provided a basis for an extension of time. However, in his motion filed in the District Court, Miller only argued that the medical appellees' summary judgment motion was complex and that he was also preparing an appeal of the grant of summary judgment to the state appellees. The District Court did not abuse its discretion in denying the motion.

For the above reasons, as well as those set forth by the District Court, we will affirm the District Court's judgment. The medical appellees' motion to strike appellant's brief and appendix is denied as moot and their motion to file a supplemental appendix is

4

granted.